# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2162 | **DATE** | July 6, 2011 |
| **CASE TITLE** | Larry Martin (B58252) & Angel Rodriguez (2009-0044851) vs. Tom Dart, et al. | | |

## DOCKET ENTRY TEXT

Defendants' motion to substitute counsel (Dkt. No. 24) is granted. The Clerk is instructed to withdraw Ronald Weidhuner as an attorney for Defendants. Plaintiff Martin's renewed motion for appointment of counsel (Dkt. No. 34) is denied. Motion to disjoin (Dkt. No. 37) is stricken as moot. For reasons explained herein, this case, 10 C 2162, will proceed but be limited to Plaintiff Martin's claim challenging inadequate dental care. The Clerk is directed to open three new cases as well, one limited to Martin's strip-search claim, one limited to Rodriguez's dental care claim, and one limited to Rodriguez's strip-search claim. The proposed amended complaint (Dkt. No. 34) shall also be filed in each of those three cases. Telephone status conference now set for 7/7/2011 at 8:30 a.m. to stand.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

*Pro se* Plaintiffs Larry Martin and Angel Rodriguez have brought a joint lawsuit regarding their treatment at the Cook County Jail. The court previously granted Martin and Rodriguez leave to proceed *in forma pauperis*. (Dkt. Nos. 3, 7). Plaintiffs have now submitted a proposed amended complaint (Dkt. No. 33), which is the subject of a motion to dismiss. (Dkt. No. 35.) Other pending motions include Defendants' motion to substitute counsel (Dkt. No. 24), Defendants' motion to disjoin the two Plaintiffs,(Dkt. No. 37), and Plaintiff Martin's motion for appointment of counsel (Dkt. No. 34).

Defendants' motion to substitute counsel (Dkt. No. 24) is granted. The Clerk is instructed to withdraw Ronald Wiedhuner as an attorney for Defendants.

Plaintiff Martin's renewed motion for appointment of counsel (Dkt. No. 34) is denied. The court denied Martin's earlier motion for appointment of counsel (Dkt. No. 11), and he offers no reason to reexamine that determination. In considering appointment of counsel, the court weighs the complexity of the case against the litigant's abilities to pursue the case on his own, *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)), and at least at this stage, the court believes Martin is capable of proceeding on his own.

That said, the proposed amended complaint demonstrates that Plaintiffs are attempting to present four separate claims as one lawsuit. Plaintiff Martin has brought a claim relating to inadequate dental care and one relating to a strip search. Rodriguez, too, has a dental care claim and a strip search claim. The Seventh Circuit has cautioned against the practice of bringing unrelated claims against unrelated Defendants before the court as part of a single case. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607-09 (7th Cir. 2007). As the *George* court explained, limiting prisoner litigants to single

| STATEMENT |
|---|

claims vindicates the policies set forth in the Prison Litigation Reform Act (requiring the payment of filing fees and limiting the number of *in forma pauperis* cases that may be brought) and assists the court in managing its docket. *George*, 507 F.3d at 607. The Court of Appeals instructs district courts to sever any complaint asserting multiple claims into separate lawsuits, rather than simply dismissing claims that might otherwise be time-barred. *Owens*, 635 F.3d at 952.

Plaintiff Martin and Rodriguez are permitted to proceed in any one case only on a single claim, such as a dental care claim or a strip search claim. This case, No. 10 C 2162, will be retained in the docket as Martin's complaint regarding dental care. He may proceed on his proposed amended complaint with respect to that claim only.

The Clerk is directed to open three new cases and file a copy of this order in each of those cases: One setting forth Martin's strip-search claim; one setting forth Rodrigquez's dental care claim; and one setting forth Rodriguez's strip-search claim.