**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LARRY MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 4592 |
| | ) | |
| TOM DART, SHERIFF OF COOK COUNTY, and | ) | Judge Rebecca R. Pallmeyer |
| MARTHA SALAZAR, SUPERINTENDENT OF | ) | |
| COOK COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Larry Martin alleges that Defendants, officials connected to Cook County Jail, violated his constitutional rights by subjecting him to a strip search on October 2, 2009. Plaintiff brings this suit pursuant to 42 U.S.C. § 1983. Defendants moved for summary judgment. For the reasons explained before, Defendants' motion for summary judgment [40] is granted.

## FACTUAL AND PROCEDURAL HISTORY

Before addressing the merits of Plaintiff's claims, the court notes an error in the docket. Plaintiff originally filed his claims in this action along with other claims in *Martin v. Cook Cnty. Dept. of Corrections et al*, No. 10 C 2162 (N.D. Ill.). The court later directed that each of Plaintiff's claims be assigned a separate case number. When this claim was given its present case number, the Clerk erroneously listed the Cook County Department of Corrections ("CCDC") and Amy Cooper as Defendants. The CCDC is not a suable entity, however. *See Oliphant v. Cook Cnty. Dep't of Corr.*, No. 09 C 3876, 2012 WL 3835818, at *1 n.1 (N.D. Ill. Sept. 4, 2012) (citing *Castillo v. Cook Cnty. Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993)). The court also previously noted that Plaintiff did not properly name Defendant Amy Cooper in this action because his claims against Cooper do not relate to the strip search incident at issue here. (6/5/12 Minute Order [33].) The Clerk is directed to terminate the CCDC and Amy Cooper as Defendants, and to substitute the

names of Cook County Sheriff Thomas Dart and Cook County Jail Superintendent Martha Salazar.

Plaintiff's claim in this case arises from a strip search conducted while Plaintiff was a detainee at Cook County Jail. On October 2, 2009, Plaintiff approached a correctional officer to tell her that he needed to see a dentist because he had "r[un] out of" pain medication for a toothache. (Pl.'s Resp. to Defs.' Local Rule 56.1(a) Statement [48], hereinafter "Pl.'s Resp.", at ¶ 10.) According to Plaintiff, when the correctional officer refused to help him, another inmate gave him four Tylenol tablets for his pain. (*Id.* at ¶ 11.) The correctional officer observed Plaintiff ingesting the Tylenol tablets, and when Plaintiff refused her request to divulge their source, she and another officer sent him to the mental health unit as a suicide risk. (*Id.* at ¶¶ 11-12.)

Plaintiff was taken for a mental health examination at Cermak Health Services. There, he was taken to a small room and instructed by an unnamed correctional officer to undress and place his clothing in a bucket along with five or six other detainees. (*Id.* at ¶¶15-16.) The correctional officer instructed the detainees to turn around and face the wall, bend over, cough, spread the cheeks of their buttocks, and "other stuff like that." (*Id.* at ¶ 17.) Plaintiff does not allege that the correctional officer ever touched him during the search, but asserts that the officer threatened him. According to Plaintiff, the correctional officer stated that he was going to "put a foot in our [detainee's] asse[es]" and would "fuck us [the detainees] up" if they did not "act right." (Martin Dep. [42-2], Ex. B. to Defs.' Local Rule 56.1(a) Statement, hereinafter "Defs.' 56.1", at 45:1-22.) After the search, Plaintiff and the other detainees were given hospital gowns and taken to a waiting room for psychological examinations. (*Id.* at 49:4-13.)

## **DISCUSSION**

The court grants summary judgment if the moving party establishes that there is no genuine dispute of material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In assessing a motion for summary judgment, the court construes all facts and reasonable inferences in favor of the nonmoving party, but does not draw inferences "supported

by only speculation or conjecture." *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010) (internal quotation marks and citations omitted) (affirming summary judgment in favor of prison officials who confiscated books about a fantasy role-playing game). A nonmoving party must "do more than raise some metaphysical doubt as to the material facts." *Id.* (citation omitted).

Plaintiff argues that the strip search at issue here violated his constitutional rights. The Eighth Amendment bars prison authorities from unnecessarily and wantonly inflicting pain on inmates. *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004) (citations omitted) (strip search of prisoner as part of random drug-testing program not cruel and unusual punishment). Strip searches of prisoners are permissible, however, unless they are "maliciously motivated, unrelated to institutional security, and . . . without penological justification." *Id.* (internal quotation marks and citations omitted). The Fourteenth Amendment right to due process "provides at least as much, and probably more, protection against punishment" for detainees than the Eighth Amendment does for prisoners. *Forrest v. Prine*, 620 F.3d 739, 743 (7th Cir. 2010).

Though strip searches are undoubtedly "unpleasant, humiliating, and embarrassing" to detainees, "not every psychological discomfort . . . amounts to a constitutional violation." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). For example, the Supreme Court has held that strip searches may be an appropriate tool for detecting contraband, identifying detainees who suffer from infectious diseases, and avoiding housing detainees with rival gang affiliations together. *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 132 S. Ct. 1510, 1515-20, 182 L. Ed. 2d 566 (2012). The "overriding need to maintain institutional order and security" in correctional facilities means that "a prisoner's expectation of privacy is extremely limited." *Whitman*, 368 F.3d at 935 (citations omitted).

The evidence in this case does not create a dispute of material fact about the constitutionality of the search at issue. General Orders of the Cook County Department of Corrections authorize searches to "detect and prevent the introduction of transfer of contraband .

3

. . and to prevent escapes." (Cook County General Orders [42-3], Ex. C-1 to Defs.' 56.1, at 1.) Cook County Sheriff's Office General Counsel Peter Kramer stated in an affidavit that detainees who leave the jail facility temporarily are searched thoroughly before leaving or re-entering the jail as a matter of policy. (Kramer Aff. [42-3], Ex. C to Defs.' 56.1, at ¶ 4.) The challenged search in this case occurred in the course of Plaintiff's transfer to a mental health unit after a correctional officer observed him ingesting another inmate's Tylenol tablets. There is no evidence in the record that the search was irregular or unfounded. A body cavity search without physical contact of an inmate seen taking pills without authorization is a constitutionally permissible security measure.

Plaintiff contends that the correctional officer who conducted the search in this case threatened him, though he concedes that the officer did not touch him. To the extent the officer was demeaning or threatening, he violated jail policy requiring strip searches to be conducted "with dignity and professionalism." (General Order 9.7 Departmental Search Procedures [42-3], at 5.) Nonetheless, the record provides no basis for Plaintiff's contention that the search was unconstitutional, or that the supervisory officers named as Defendants violated any of Plaintiff's constitutional rights.[1] *See Holleman v. Penfold,* No. 12-1794, 2013 WL 647313, (7th Cir. Feb. 22, 2013) (prisoner may not use § 1983 to challenge a violation of state law or prison rules*), citing Scott v. Edinburg*, 346 F.3d 752, 760). The court grants summary judgment in favor of Defendants.

---

[1] Having granted summary judgment in favor of Defendants on the merits, the court need not address Defendants' arguments that Plaintiff has failed to exhaust his administrative remedies or failed to name any of the individuals involved in the search as Defendants.

## CONCLUSION

The Clerk is directed to correct the docket to reflect the names of the correct Defendants: Sheriff Tom Dart and Superintendent Martha Salazar. Defendants' motion for summary judgment [40] is granted.

ENTER:

Dated: March 25, 2013

_____
REBECCA R. PALLMEYER
United States District Judge